**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6645**

RICHARD D. MOISE,

        Plaintiff - Appellant,

    v.

HOWARD COUNTY DETENTION CENTER; JACK KAVANAGH; JANINE
JACKSON; DARNELL MORANT,

        Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Richard D. Bennett, District Judge. (1:18-cv-01355-RDB)

Submitted: September 24, 2019           Decided: September 27, 2019

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Richard D. Moise, Appellant Pro Se. Cynthia G. Peltzman, Senior Assistant County
Solicitor, Melissa Goldmeier, Gary W. Kuc, HOWARD COUNTY OFFICE OF LAW,
Ellicott City, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard D. Moise, a Maryland prisoner, seeks to appeal the district court's order dismissing Moise's 42 U.S.C. § 1983 (2012) complaint. The Appellees have moved to dismiss Moise's appeal as untimely. Generally, a party in a civil suit has 30 days from the district court's entry of judgment to file a notice of appeal; that time period is mandatory and jurisdictional. *See* Fed. R. App. P. 4(a)(1)(A); *Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 206-07 (4th Cir. 2006). Here, the district court's order was entered on February 4, 2019; Moise did not file his notice of appeal until April 26.[*] Moise, however, asserted in his notice of appeal that he did not receive notice of the district court's order until April 26, and there is some evidence in the record supporting this assertion.

Pursuant to Fed. R. App. P. 4(a)(6), the district court may reopen an appeal period if the court finds that (1) the party moving for reopening did not receive notice of the entry of the judgment within 21 days after entry, (2) the moving party filed its motion within 180 days after entry of the judgment or within 14 days after receiving notice of the entry, whichever is earlier, and (3) no party would be prejudiced. *See* Fed. R. App. P. 4(a)(6); *see also* Fed. R. Civ. P. 77(d)(2). As Moise contends that he did not receive notice of the district court's order within 21 days of the date it was entered, we remand the case for the district court to determine under Rule 4(a)(6) whether Moise's appeal period should be

---

[*] When a litigant is incarcerated, the date of filing is the earliest date the notice could have been delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

reopened.  The record will be returned to this court for further consideration once it has been supplemented with the district court's findings.

<em>REMANDED</em>